IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| CHARLES L. SMITH, | ) |
| | ) CASE NO.:  405cv111-RH/WCS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HEWLETT PACKARD COMPANY, a | ) |
| foreign corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**QUALIFIED CONSENT PROTECTIVE ORDER
GOVERNING PROTECTION AND PRODUCTION OF
<u>CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS</u>**

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules Civil Procedure, as follows:

1. This Order governs the handling of confidential, non-public, and/or sensitive information, documents, and other materials produced, provided, or obtained in the above-captioned lawsuit (the "Litigation"). Such information, documents, and other materials may include without limitation non-public business, medical, or personal information and records of Plaintiff and Defendant which have been or will be provided, produced, or obtained pursuant to interrogatories, document requests, notice(s) of deposition, deposition(s) upon written questions, or by subpoena in this Litigation. Such information, documents, and other materials also may include "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). This Consent Protective Order is intended to meet the requirements of a "qualified protective order" as described in 45 C.F.R. § 164.512(e)(1).

2.     Either party may designate as "Confidential" any information, documents, and/or other materials which they believe in good faith contain confidential, sensitive, non-public, and/or privileged information by notifying opposing counsel of the designation specific to the information, document(s), or material(s).  All documents clearly marked with the word "Confidential," and all documents, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as such by a party or its counsel in this Litigation, shall be subject to this Consent Protective Order.  For purposes of this Order, such information, documents, and other materials shall be referred to hereafter as "Confidential Materials."

3.     Confidential Materials shall be used and disclosed solely for legitimate purposes of this Litigation, including, among other things, use in conjunction with testimony and as exhibits at trial, in conjunction with motions, hearings, depositions, or witness preparation, and preparation for trial or any motion, hearing, deposition, or other proceeding connected with this Litigation.  Such use shall be subject to the restrictions of this Order.  Confidential Materials shall not be used or disclosed in any proceedings other than this Litigation or to further or disrupt the business interests of any person (other than the preparation and prosecution of claims and defenses in this Litigation).  Use or disclosure of Confidential Materials beyond the restrictions of this Order, whether during this Litigation or after its conclusion, may occur only with the express written consent of the party who provided or produced the materials or of its counsel of record in this Litigation (EXCEPT that, to the extent any such Confidential Materials constitute Protected Health Information, use or disclosure of such Protected Health Information beyond the restrictions of this Order may occur only with the express authorization of the individual about

whom such information pertains to the extent required by law), or as otherwise required by law or by order of any court of competent jurisdiction.  The parties hereby voluntarily agree to comply with the terms of this Order immediately upon its execution by all parties hereto, and they shall continue to comply with its terms regardless of when or whether it is entered by the Court.

    4.    Confidential Materials shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a "Qualified Person" as defined in Paragraph 5 of this Order, except as specifically provided herein.  In the event a party and/or his/its counsel of record deem(s) it necessary for purposes of this Litigation to disclose any documents or other materials designated as "Confidential" to a person who is not a Qualified Person as defined in Paragraph 5, such party or counsel must first require such person to read this Order and agree, by executing an agreement in the form of "Exhibit A" attached hereto, as follows:  (a) to be bound by the terms of this Order; (b) not to disclose, deliver, or make available Confidential Materials to anyone other than a Qualified Person; and (c) to use any Confidential Materials solely for the purposes of this Litigation.  The party or attorney who discloses, delivers, or makes available the Confidential Materials to the person shall retain all executed agreements in the form of Exhibit A evidencing such an undertaking(s) and shall turn over all such executed agreements to the other party's attorney at his or its request within six (6) months after the "Conclusion" of this Litigation (which means after final order of the Court and after all appeal rights have expired) or as otherwise ordered by the Court.  It shall not be necessary to secure or obtain executed agreements with respect to Qualified Persons.

    5.    "Qualified Person(s)" as used in this Order means:

      a.    All parties and their designated representatives and attorneys of record in this Litigation, other attorneys employed by or consulting with the attorneys of record for purposes of this Litigation, and other employees and/or consultants of such attorneys to whom it is reasonably necessary that Confidential Materials be shown for purposes of this Litigation;

      b.    Experts retained or utilized by the parties or their attorneys of record in this Litigation for the purpose of assisting in the preparation of this Litigation for trial, such as physicians, psychiatrists, psychologists, physical or mental health consultants, statisticians, economists, or other experts, including staff and support personnel to whom it is necessary that Confidential Materials be shown for purposes of assisting in such preparation;

      c.    Custodians and/or authors of the Confidential Materials to whom it is reasonably necessary that the Confidential Materials be shown, provided that such persons shall not be deemed "Qualified Persons" with respect to other Confidential Materials of which the person was not an author or custodian;

      d.    Any person who is being questioned in a deposition in this Litigation during such deposition, provided that counsel disclosing the Confidential Materials has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge;

      e.    Any person who is scheduled to be deposed or to testify in this Litigation during preparation for such deposition or testimony, provided that counsel disclosing the Confidential Materials to such person has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be

deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge; and

        f.     Any other person who is designated as a Qualified Person by agreement of the parties or by order of the Court, subject to the specific terms of such designation. The parties will be expected to confer in good faith and not to withhold consent to the designation of a person as a Qualified Person without legitimate reason.

     6.     Nothing contained in this Order shall limit use of Confidential Materials at trial of this action or at any hearing or deposition related to this Litigation for any purpose, except that the parties reserve the right to object to the production, use, or admission into evidence of any such information, documents, or materials for any reason grounded upon the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Further, the parties reserve the right to petition the Court to seal records of the Litigation containing Confidential Materials, and reserve the right to seek additional protective order(s) if the need arises.

     7.     In the event any party to this Litigation disagrees with the designation of any information, documents, or materials as "Confidential," or the restriction of the use or disclosure of such information, documents, or materials pursuant to this Order, that party must in good faith attempt to resolve the disagreement on an informal basis. If the parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party challenging the "Confidential" designation who seeks to except such materials from the terms, conditions, and restrictions of this Order may apply for appropriate relief from the Court. The Court may resolve the dispute upon <u>in camera</u> inspection of the materials designated "Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to

such materials. To the extent a dispute under this paragraph results in substantial delay in the discovery process, the non-prevailing party in such dispute will not object to the continuance of discovery with respect to the information, documents, or materials in question beyond the expiration of the discovery period.

8. Inadvertent or unintentional production of any confidential or privileged documents or other materials, regardless of whether the documents or other materials were designated as "Confidential" or privileged at the time of production, shall not be deemed a waiver or an impairment in whole or in part of a claim of confidentiality or the provisions of this Order, or of any claim of privilege or protection, including but not limited to the attorney-client privilege and the attorney work product doctrine. Within five (5) days of receipt of notice from the party who produced the documents or other materials that any privileged documents or materials were inadvertently or unintentionally produced, counsel so notified after receiving such documents or other materials shall immediately return them to the other party (along with all copies thereof) without further review of the information set forth therein. Use or disclosure of documents or other materials before or without notice that the documents or other materials are deemed to be confidential or privileged shall not constitute a violation of this Order.

9. This Order shall not operate as a waiver by any party to this Litigation of any objection to producing or providing any documents, information, or other materials, nor shall it operate as a waiver by any party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in this Litigation on grounds other than those addressed in this Order. This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

10.     After the Conclusion of this Litigation, any Confidential Materials that also constitute "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, shall be returned to the disclosing individual or entity, or shall be destroyed upon the expiration of sixty (60) days of the Conclusion of the Litigation, except that a party to this litigation and Consent Protective Order may waive this requirement with regard to Protected Health Information directly concerning that party by failing to request return or destruction within 60 days after the conclusion of the litigation.  Otherwise, all Confidential Materials shall be kept in the possessing parties' secure files after the Conclusion of this Litigation in accordance with the provisions herein or shall be returned to the party who produced them in discovery or shall be destroyed upon that party's request by arrangement of that party and at that party's expense within six (6) months after the Conclusion of this Litigation.

11.     Under no circumstance will any party or the representative(s) of any party to this Litigation provide or disclose any Confidential Materials that have been provided, produced, or obtained during this Litigation to the press or media, to other current or former employees of Defendant, or to any other employer, except as otherwise expressly allowed under the terms of this Order.

12.     The parties acknowledge that Plaintiff has asserted claims for compensatory damages for alleged emotional distress or has otherwise put his medical, emotional, and psychological condition at issue in the instant lawsuit.  Accordingly, information, documents, and materials reflecting Plaintiff's medical, emotional, and psychological condition, including records that may constitute Protected Health Information, are subject to discovery in this litigation.  Concerns regarding privacy and confidentiality may be addressed by designation of

information, documents, and materials as "Confidential" pursuant to the terms of this Consent Protective Order.

Accordingly, it is HEREBY ORDERED that Plaintiff's health care providers identified in discovery and disclosures shall produce documents containing medical and/or psychological information requested by any party to this Litigation within a reasonable period of time following such request. Documents and information required to be produced shall include, but shall not be limited to, the following:

> Any and all medical and/or health records, including but not limited to physical, mental, or emotional evaluations and/or records, files, notes, reports, memoranda, correspondence, laboratory reports, radiology reports, hospital discharge summaries, notes of telephone conferences, evaluations, diagnoses, prescriptions, diagrams, or indicia thereof, billing and payment records, tape recordings, videotape recordings, or recordings in any medium made, concerning Plaintiff's identity, diagnosis, examination, evaluation, history, and treatment for any and all physical, mental, or emotional conditions, illnesses, and/or injuries for a period of ten (10) years preceding the filing of this lawsuit.

Should either party object to a specific request for production of Protected Health Information, that party shall have the right to seek additional protective order(s) from the Court to prevent production of the documents objected to. The provisions of this paragraph ordering the production of requested documents shall continue to be valid and in effect until the Conclusion of this Litigation unless it is expressly revoked by this Court.

**DONE AND ORDERED** on July 28, 2005.

**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| CHARLES L. SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HEWLETT PACKARD COMPANY, a )<br>foreign corporation, )<br>)<br>Defendant. )<br>)   ) | CASE NO.:  405cv111-RH/WCS |

## AGREEMENT CONCERNING CONFIDENTIAL MATERIALS

Having read the QUALIFIED CONSENT PROTECTIVE ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS ("QUALIFIED PROTECTIVE ORDER") in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby.  The undersigned further agrees not to reveal information designated as "Confidential" to anyone other than a Qualified Person as defined in the QUALIFIED PROTECTIVE ORDER and agrees to use information designated as "Confidential" solely for the purposes of this Litigation.

_____          _____
Signature                                                                                             Date


_____
Name (printed)